IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

November 21, 2023 08:23 AM
SCT-Civ-2022-0055
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

FOR PUBLICATION

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

BART ENTERPRISES, LLC, )    S. Ct. Civ. No. 2022-0055
    Appellant/Plaintiff, )    Re: Super. Ct. Civ. No. 75/2020 (STT)
    )
    )
v. )
    )
    )
SAPPHIRE BAY CONDOMINIUMS WEST )
    Appellee/Defendant. )
    )
    )

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Renee Gumbs-Carty

Considered: March 14, 2023
Filed: November 21, 2023

Cite as: 2023 VI 13

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Kye Walker, Esq.**
The Walker Legal Group
St. Croix, U.S.V.I.
    *Attorney for Appellant.*

**J. Daryl Dodson, Esq.**
Moore Dodson Russell & Wilhite, P.C.
St. Thomas, U.S.V.I.
    *Attorney for Appellee.*

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1 Appellant Bart Enterprises, LLC ("Bart") appeals the Superior Court's September 23, 2022 order, which dismissed its case on the grounds that Bart failed to retain counsel and to respond to

the February 17, 2022 motion to dismiss the complaint filed by Sapphire Bay Condominium West's ("Sapphire Bay"). For the reasons elucidated below, we affirm the Superior Court's September 23, 2022 order, albeit on different grounds. *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 408, 438 n.23 (V.I. 2016) ("It is well established that, under the 'right result, wrong reason' doctrine, where the record otherwise supports the trial court's judgment, an appellate court may affirm that judgment for reasons other than those relied upon by the trial court, even if the trial court's reasons are erroneous."); *see also Gov't of the V.I., Dep't of Educ. v. St. Thomas/St. John Ed. Adm'rs Ass'n, Local 101*, 67 V.I. 623, 642 (V.I. 2017) (affirming the Superior Court's order upholding an arbitrator's fee award, albeit for different reasons than those stated by the Superior Court).

## I.     FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶2     Bart, a Virgin Islands limited liability company, filed a complaint on February 13, 2020, alleging breach of contract against Sapphire Bay. Bart's complaint sought payment of an outstanding debt in the amount of $265,296.98. Bart attached to the complaint a demand for payment and a notice of a construction lien that Bart had filed against Sapphire Bay's property. The complaint was signed by Peter Najawicz ("Najawicz"), a project manager for Bart. Sapphire Bay was served with the complaint and summons on March 24, 2020.

¶3     On April 2, 2020, Sapphire Bay filed a motion to dismiss on the basis that a corporation in the Virgin Islands can only be represented by an attorney in court proceedings and that Najawicz was a project manager and not an attorney licensed to practice law in the Virgin Islands.

¶4     On April 27, 2020, the Superior Court entered an order that required Bart, within 30 days of the entry date of the order, to retain a licensed attorney to represent the company in the lawsuit.

¶5     Robert King, an attorney licensed to practice law in the Virgin Islands, entered his appearance in the case on Bart's behalf on June 2, 2020. While he filed a notice of appearance and a reply to Sapphire Bay's answer and counterclaim, Attorney King never filed a new version of the complaint with his signature on it, nor did he file a motion to amend the original complaint.

¶6     Subsequently, Sapphire Bay filed its answer, affirmative defenses, and counterclaim dated June 23, 2020, to which Bart filed a reply on July 20, 2020. Sapphire Bay also filed a motion for partial summary judgment on December 6, 2021, seeking judgment on its slander of the title claim based on the second of two notices of claim of construction lien filed by Bart in the Office of the Lieutenant Governor and seeking release and expungement of that second recorded notice of a construction lien. Bart failed to respond to the motion for partial summary judgment.

¶7     On December 10, 2021, Attorney King filed a motion to withdraw from the case as counsel, asserting that Bart and Najawicz owed him unpaid legal fees in excess of $1,000,000. The Superior Court granted Attorney King's motion to withdraw and ordered that within 45 days, or by January 31, 2022, Bart was required to retain new counsel to represent the company in the lawsuit.

¶8     On February 17, 2022, Sapphire Bay filed its renewed motion to dismiss the case on the grounds that Bart's complaint was a nullity because it was never signed by an attorney licensed to practice law in the Virgin Islands. Sapphire Bay further filed a supplemental motion, informing the Superior Court of this Court's decision in *Murphy Rigging & Erecting, Inc. v. V.I. Water & Power Auth.*, 76 V.I. 480 (V.I. 2022) and further urging the court to dismiss Bart's complaint as a legal nullity consistent with the holding in that case. Also, in its July 6, 2022 motion, Sapphire Bay clarified that its motion to dismiss was based on Bart's complaint filed by Mr. Najawicz, which was a nullity and not because of Bart's failure to prosecute the case.

¶9     Nevertheless, on June 24, 2022, the court ordered Bart to retain counsel and file a response to Sapphire Bay's renewed motion and supplemental motion to dismiss by July 25, 2022. However, in that order, the Superior Court inadvertently mischaracterized the relief sought by Sapphire Bay in its filings and stated that if there was no response from Bart, the case may be dismissed for failure to prosecute. It is noteworthy that a copy of that order was not directed to any attorney of record on behalf of Bart. Rather, a copy of the order was directed to Julie Najawicz, the resident agent for Bart.

¶10     On August 30, 2022, the court entered an order granting Bart an extension of time to retain counsel pursuant to a letter request of Julie Najawicz. The letter requested a 60-day extension of time to retain counsel. Despite this request, the Superior Court ordered Bart to retain counsel within 21 days or by September 20, 2022. The letter request was never served on Sapphire Bay, nor was the request initially recorded on the Superior Court's docket sheet.

¶11     Bart partially complied with the August 30, 2022 order when on September 1, 2022, it retained Kye Walker, an attorney licensed in the Virgin Islands, as its attorney of record. Although Attorney Walker entered her appearance on behalf of Bart, she failed to respond to any of Sapphire Bay's motions by the September 20, 2022 deadline, and she did not seek an extension of time to respond before the deadline expired.

¶12     Sapphire Bay filed a motion urging the Superior Court to reconsider granting Bart the extension of time to seek counsel and to respond to Sapphire Bay's pending motions and instead, to grant its requests in those motions to dismiss Bart's complaint. The Superior Court never acted on the motions, which became moot when the September 20, 2022 deadline expired.

¶13     On September 23, 2022, three days after the deadline for Bart to respond to Sapphire Bay's motion, the Superior Court entered an order dismissing the case, and this appeal ensued. Notably,

at the time the Superior Court ordered the case dismissed on September 23, 2022, Peter Najawicz's February 13, 2020 complaint had been pending for approximately 18 months.

¶14  Four days after the deadline and after expiration of the 14 working days allowed by Rule 6-4(a) of the Virgin Islands Rules of Civil Procedure to reconsider the order dismissing the case, Bart filed its reconsideration notice and the next day filed a motion seeking an extension of time of two days to respond to Sapphire Bay's motion. Sapphire Bay opposed Bart's motions in its November 8, 2022 "Combined Opposition of Sapphire Bay West Condominium to Motion to Reconsider and Motion for Extension of Time." Bart failed to file a reply to Sapphire Bay's opposition.

## II.  JURISDICTION AND STANDARD OF REVIEW

¶15  Title 4, section 32(a) of the Virgin Islands Code provides, in pertinent part, that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." Since the Superior Court's September 23, 2022, order disposed of all claims asserted by the parties, it constitutes a final judgment, and this Court, therefore, possesses jurisdiction over this appeal. *See Bradford v. Cramer*, 54 V.I. 669, 671 (V.I. 2011) (final order in divorce case is final appealable judgment, where it disposes of all claims); *see also Etienne v. Etienne*, 56 V.I. 686, 691 (V.I. 2012).

¶16  Additionally, the standard of review in examining the Superior Court's application of law is plenary, while findings of fact are only reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

## III.  DISCUSSION

¶17  Bart's notice of appeal presents two issues for this Court's review, namely: (1) whether the Superior Court erred when it failed to apply the six-factor test that this Court enumerated in

*Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505 (V.I. 2010), when considering dismissal for failure to prosecute and (2) whether dismissal of this case was proper given that Bart solely argues on appeal that the Superior Court abused its discretion when it dismissed its case for failure to prosecute. In support of its argument, Bart contends that the Superior Court improperly dismissed the case while motions and counterclaims were pending and that Bart's due process rights were violated when the Superior Court granted Sapphire Bay's motion to reconsider without providing Bart with an opportunity to respond to the motion.

¶18    However, Sapphire Bay's perspective of the issue is vastly different. Sapphire Bay argues in opposition that the Superior Court properly dismissed Bart's complaint and argues further that Bart's appeal lacks merit because Bart misunderstood the Superior Court's ruling. Sapphire Bay asserts that the Superior Court did not dismiss Bart's complaint for failure to prosecute but that the Superior Court properly dismissed Bart's complaint because the complaint, signed by a non-attorney, was a nullity. Accordingly, Sapphire Bay asserts two issues before this Court for review: firstly, whether the Superior Court properly dismissed Bart's claims because Najawicz, an individual who was not authorized to legally represent a limited liability company, signed the complaint, and secondly, whether the Superior Court's dismissal order dismissed Bart's case for lack of prosecution or is instead based on Sapphire Bay's renewed motion and supplemental motion to dismiss as stated in the Superior Court's September 23, 2022 final order.

### A. The Superior Court's September 23, 2022 order

¶19    The Superior Court's September 23, 2022 final order in this matter did not dismiss the case for failure to prosecute as Bart sedulously contends. Instead, the Superior Court's September 23, 2022 order dismissing Bart's case stated in pertinent part that the matter:

> was before the court on the "Motion to Reconsider" its August 20, 2022 Order filed by Defendant Sapphire Bay Condominiums West . . . on September 12, 2022. *This order provided plaintiff Bart Enterprises, LLC . . . with additional time to retain counsel and to respond to Sapphire's motion to dismiss complaint filed on February 17, 2022 and to the Supplement to Motion to Dismiss Complaint, filed on June 16, 2022.* Responses were due in twenty-one (21) days of the date of entry of the Order advising the parties the matter will be promptly dismissed for failure to respond. Seeing no response by the plaintiff, it is hereby ordered that Sapphire's motion is granted and it is further ORDERED that this matter is dismissed.

(J.A. Supp. 070).

¶20 Sapphire Bay's September 12, 2022 "Motion to Reconsider," which the Superior Court referenced in its September 23, 2020 order, urged the Superior Court to reconsider its August 30, 2022 order which granted Bart an extension of time of an additional 21 days to retain an attorney to represent the company in the lawsuit against Sapphire Bay. In that motion, Sapphire Bay argued that the Superior Court committed error, since this Court's decision in *Murphy Rigging*, 76 V.I. at 490 dictates that the Superior Court was required to dismiss the complaint and all the claims asserted in conjunction with the complaint. Arguing further, Sapphire Bay stated that the "complaint was a legal nullity because it was signed and filed on behalf of a company by an individual who was not admitted to practice in the Virgin Islands and is not an attorney." (J.A. Supp. 064).

¶21 Although Bart extensively argues that the Superior Court dismissed the case for failure to prosecute, there is no evidence in the court's record to substantiate Bart's assertion. The first time the Superior Court mentioned the term "failure to prosecute" was in the order dated June 24, 2022, in which it "ordered that Plaintiff Bart . . . shall through counsel, file a response to the motion and its supplement by Monday, July 25, 2022 failing which the matter may be dismissed for failure to

prosecute . . . ." (Supp. 042). Arguably, the Superior Court's September 23, 2022 order could have been more adroitly crafted but the final order purportedly dismissed the case because Bart failed to retain counsel within twenty one days of the date of the order and failed to respond to Sapphire Bay's motion. Moreover, irrespective of the Superior Court's use of the term "failure to prosecute," Sapphire Bay's motion never argued for dismissal on the grounds of failure to prosecute; it argued that the Superior Court should dismiss the case because Najawicz, an individual who is not an attorney, signed and filed the complaint in contravention of 4 V.I.C. § 443(a), which unequivocally prohibits a person who is not an attorney from representing a corporation in a civil case. *See* 4 V.I.C. § 443(a).

## B. The Superior Court could not properly dismiss the case for failure to prosecute because the original complaint was a nullity in light of *Murphy Rigging*.

¶22    Here, the key question in determining the validity of the complaint is whether, from the inception of the case in the Superior Court to the dismissal of the case, the complaint remained a nullity. First, to find whether the complaint was a nullity, we must determine whether the filing of the *pro se* complaint by Najawicz on behalf of Bart constituted the unauthorized practice of law. Title 4, section 443 of the Virgin Islands Code and Rule 211.5.5 of the Virgin Islands Rules of Professional Conduct govern the prohibition on the unauthorized practice of law in the Virgin Islands. The unauthorized practice of law means:

> the doing of any act by a person who is not a member in good standing of the Virgin Islands Bar Association for another person usually done by attorneys-at-law in the course of their profession, and shall include but not be limited to: the appearance, acting as the attorney-at-law, or representative of another person, firm or corporation, before any court, referee, department, commission, board, judicial person or body authorized or constituted by law to determine any question of law or fact or to exercise any judicial power, or the preparation and/or filing of pleadings or other legal papers incident to any action or other proceeding of any kind before or to be brought before the same.

4 V.I.C. § 443(a). Similarly, Rule 211.5.5 of the Virgin Islands Rules of Professional Conduct further provides that:

> (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
> (b) An individual who is not admitted to practice in this jurisdiction shall not:
>   (1) except as authorized by section 443 of title 4 of the Virgin Islands Code or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or
>   (2) hold out to the public or otherwise represent that he or she is admitted to practice law in this jurisdiction.

¶23 In *Murphy Rigging*, 76 V.I. at 486-87, although this Court acknowledged that a minority of courts have departed from the majority rule and held that pleadings violative of the unauthorized practice of law are not void *ab initio*, but merely voidable, and that a court possesses the discretion to permit a party to cure the pleading rather than treat it as a nullity, in this jurisdiction, "[the] court[s] cannot ignore the unauthorized practice of law and must intervene." *Id.* at 489 n.1 (quoting *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 406 (Pa. 2021)). Importantly, this Court has already held that "Superior Court judges and magistrates play a critical role in enforcing, in individual cases, the legal ethics and bar admissions rules promulgated by this Court, as well as the prohibition on the unauthorized practice of law." *Murphy Rigging*, 76 V.I. at 487 (quoting *In re Campbell*, 59 V.I. 701, 727 (V.I. 2013)).

¶24 Here, Najawicz, who is not licensed to practice law in the Virgin Islands, initially signed and filed the February 13, 2020 complaint on behalf of Bart, a Virgin Islands limited liability company. In his complaint, Najawicz sought to represent and affect the legal interest and rights of Bart. This conduct constitutes the unauthorized practice of law because "[t]he signing of a pleading on behalf of another person by an individual who is not a member in good standing of the Virgin Islands Bar is a textbook example of conduct that constitutes the unauthorized practice

of law in the Virgin Islands." *Murphy Rigging*, 76 V.I. at 486. And importantly, "[w]hen the conduct constituting the unauthorized practice of law include[s] the filing of a brief or other document this Court has ordered that the document be rejected – in addition to any other sanctions or remedies imposed." *Id.* at 488; *see also Mitchell v. Mullgrav*, 2015 WL 6736789, at *3 (V.I. Nov. 4, 2015) and *In re Nevins*, 60 V.I. 800, 805 (V.I. 2014). Because the cause of action in this case was indubitably initiated by a complaint filed by an individual who is not a licensed attorney in good standing as a member of the Virgin Islands Bar Association, the case is a nullity subject to dismissal. *See Murphy Rigging*, 76 V.I. at 489; *see also Kelly v. St. Francis Med. Ctr.*, 889 N.W.2d 613, 618-20 (Neb. 2017); *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) (noting that the court denied the plaintiffs' motion to reopen their Chapter 11 case because it was filed on the plaintiffs' behalf by a non-attorney, rendering it a legal nullity since the plaintiffs could appear in federal court only through an attorney); *In re Neil's Mazel, Inc.*, 492 B.R. 620, 629 (Bankr. E.D. N.Y 2013) (noting that even assuming that alleged Indian tribe, which had not been recognized as such by federal government, had submitted valid grounds for bankruptcy court to grant its successive motion to reopen Chapter 11 case filed by corporation from which it had purchased certain real property, this motion, having been filed on alleged tribe's behalf by non-attorney, was a legal nullity, since alleged tribe could appear in federal court only through an attorney); *Frayler v. New York Stock Exch., Inc.*, 118 F. Supp. 2d 448, 449 n.2 (S.D.N.Y. 2000) (noting that the purported pro se appearance of corporation was a nullity and would be treated as such, because corporations cannot appear pro se in either New York federal or state courts); *In re Drevlow*, 221 B.R. 767, 769 (B.A.P. 8th Cir. 1998) (noting that Minnesota law requires that a corporation must be represented by a licensed attorney when appearing in court irrespective of whether the person seeking to represent the establishment is a director, officer, or shareholder of

the corporation). More succinctly, when the Superior Court "recognized that the petition sought to vindicate the rights of a corporation but had not been filed by a licensed Virgin Islands attorney, the Superior Court was obligated to treat the petition as a nullity, which would require dismissing the case." *See Murphy Rigging,* 76 V.I. at 490.

¶25    For the reasons elucidated above, we hold that the February 13, 2020 complaint filed with the Superior Court by Najawicz on behalf of Bart was a nullity with no legal effect whatsoever because it was signed by an individual who lacked the authority to practice law in the U.S. Virgin Islands. Accordingly, upon this recognition, the Superior Court was required to treat the complaint as a nullity and dismiss the case immediately.

## IV.    CONCLUSION

¶26    For the foregoing reason, we affirm the Superior Court's September 23, 2022 order dismissing the case because Bart's complaint was a legal nullity. While the Superior Court should have immediately dismissed the case without further proceedings, we hold that the proper result was nevertheless achieved in its September 23, 2022 order.

**DATED this 21st day of November, 2023.**

IVE ARLINGTON SWAN
**Associate Justice**

**ATTEST**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: _____
       **Deputy Clerk**

Dated: 11/21/2023